FREMD v. CARLETON.

1. WITNESSES—CROSS-EXAMINATION—DISCRETION OF COURT.
   In action by married woman for assault and battery, wherein plaintiff testified that defendant had intercourse with her, permitting cross-examination as to prior false accusation of like character against another, at instigation of her husband and to obtain money, was within discretion of court.

2. APPEAL AND ERROR—EVIDENCE.
   Objection to evidence as incompetent may not be raised for first time in Supreme Court.

Error to Muskegon; Vanderwerp (John), J. Submitted October 15, 1930. (Docket No. 95, Calendar No. 34,974.) Decided December 2, 1930.

Case by Hazel Fremd against Harry E. Carleton for assault and battery. From judgment for defendant, plaintiff brings error. Affirmed.

*Willard J. Turner,* for plaintiff.

*Wetmore & Bagley,* for defendant.

Clark, J. The declaration avers assault and battery at the home of plaintiff and her husband in Grant township, Oceana county, on August 28, 1928.

Plaintiff testified that defendant, a dealer in automobiles, called during the absence of her husband, that she got into the car, that defendant took the seat beside her and put his hands upon her and under her dress and made improper proposals to her. Her testimony goes beyond the declaration, that after they got out of the car he pushed her to the ground and had intercourse with her. Defendant's testimony flatly contradicts that of plaintiff.

Plaintiff and her husband called on defendant in March, 1929, and asked to be shown a car. Defendant drove them out into the country, where a settlement was demanded of him. Defendant testified that this was accompanied by show of violence, which plaintiff and her husband denied. There was discussion that plaintiff and her husband might have a car at reduced price, which defendant later refused, and this suit followed.

Cross-examination of plaintiff was permitted showing that plaintiff, at the instance of her husband, and to obtain money, had stated to one Hill (and his wife) that he (Hill) had had intercourse with her and that her husband insisted that settlement be made, and that this accusation was admittedly false.

Defendant had verdict. Plaintiff brings error.

Error is assigned on the cross-examination of plaintiff, as stated, and on further questioning in an attempt to impeach by showing want of chastity of plaintiff. The record is that the cross-examination was in good faith.

It is well settled that such cross-examination is within the discretion of the trial judge. It is clear that in the instant case he did not abuse the discretion. The question is fully considered in *Lunde* v. *Railway*, 177 Mich. 374, and *People* v. *Cutler*, 197 Mich. 6, from which we will not quote, except the following from the *Lunde Case*:

"There is a clear distinction between attempting to impeach a witness by showing a want of chastity and a cross-examination for that purpose. The former is not proper, while the latter, as has been said, is discretionary with the trial judge."

Evidence is urged as incompetent on a ground not called to the attention of the trial court. It cannot be raised for the first time in this court.

Other assignments have been examined and call for no discussion.

Judgment affirmed.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.